HALSBAND LAW OFFICES
Attorneys for Plaintiff
David S. Halsband, Esq.
Court Plaza South
21 Main St., East Wing
Third Floor, Suite 304
Hackensack, New Jersey 07601
T. 201.487.6249
F. 201.487.3176
Email: halsbandlaw@optonline.net

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

ENRIQUE PERALTA,

               Plaintiff,                          **COMPLAINT**
-against-                                  **DEMAND FOR JURY TRIAL**

SHAKE SHACK ENTERPRISES, LLC,        **Civil Action No. _____**
JEFFREY AMOSCATO, and
LISA KARTZMAN,

               Defendants.
-----------------------------------------------------------X

     Plaintiff, Enrique Peralta, by his attorneys, Halsband Law Offices, alleges for his Complaint as follows:

### JURY DEMAND

1. Plaintiff demands a trial by jury of all issues in this action.

### NATURE OF ACTION

2. Plaintiff seeks to recover damages against Defendants, Shake Shack Enterprises, LLC, Jeffrey Amoscato, and Lisa Kartzman, for unlawful employment practices in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq., as amended ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended ("Title VII"),

1

the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301–4335 ("USERRA"), the Executive Law of the State of New York ("Executive Law"), the New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York ("Administrative Code"), the New York State Labor Law, Section 740(2)(c) and/or 740(2)(a) ("Labor Law"), and the New Jersey Conscientious Employees Protection Act, N.J.S.A. § 34:19-1 et seq. ("CEPA").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the Plaintiff's claims in this action pursuant to 28 U.S.C. § 1331, Title VII, the ADA, USERRA, and under the principles of pendent jurisdiction.

4. The Defendants are found, transact business, have agents, and are within the jurisdiction of this Court.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in the Southern District of New York.

6. The United States Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights dated March 14, 2018, and thus the Title VII and ADA claims asserted herein are timely as being filed within ninety days thereof.

## PARTIES

7. Plaintiff is an adult male resident of the County of Essex, State of New Jersey.

8. Shake Shack is a corporation authorized to do business in the State of New York.

9. Shake Shack is incorporated under the laws of the State of New York.

10. Shake Shack maintains its headquarters at 24 Union Square East, 15th Floor, New York, New York 10003.

11. Shake Shack is engaged in an industry affecting commerce.

12. Shake Shack is and has been an "employer" under Title VII.

13. Shake Shack is and has been an "employer" under the ADA.

14. Shake Shack is and has been an "employer" under USERRA.

15. Shake Shack is and has been an "employer" under the Labor Law.

16. Shake Shack is and has been an "employer" under the Executive Law.

17. Shake Shack is and has been an "employer" under the Administrative Code.

18. Shake Shack is and has been an "employer" under CEPA.

19. Shake Shack employs 15 or more employees for each working day during each of 15 or more calendar work weeks in the current or preceding calendar year.

20. Amoscato is an adult male resident of the State of New Jersey.

21. Amoscato is an employer under USERRA.

22. During the course of the Plaintiff's employment at Shake Shack, Shake Shack delegated employment-related responsibilities to Amoscato.

23. Kartzman is an adult female resident of the State of New York.

24. Kartzman is an employer under USERRA.

25. During the course of the Plaintiff's employment at Shake Shack, Shake Shack delegated employment-related responsibilities to Kartzman.

26. Amoscato controlled, in whole or in part, the terms and conditions of the Plaintiff's employment at Shake Shack.

27. Kartzman controlled, in whole or in part, the terms and conditions of the Plaintiff's employment at Shake Shack.

**FACTS**

28. Plaintiff is of Hispanic national origin.

29. Plaintiff was born in Chile.

30. Plaintiff was in the armed forces of the United States from approximately 2004 to 2012.

31. As part of being in the armed forces, Plaintiff spent time in Iraq during approximately 2005 to 2007.

32. Most likely because of the dangerous air quality the Plaintiff was exposed to in Iraq, Plaintiff was diagnosed with Asthma and Rhinitis.

33. These conditions are physical impairments of the Plaintiff's respiratory system.

34. These conditions are each a disability under the ADA because each is a physical impairment that, when left untreated, substantially affects one or more of the Plaintiff's major life activities, such as the ability to breath and speak clearly.

35. As a result, Plaintiff has been under the care of various medical professionals and takes medication to treat these conditions.

36. These conditions are each a disability under the Executive Law.

37. These conditions are each a disability under the Administrative Code.

38. Plaintiff began his employment with Shake Shack on or about May 8, 2017.

39. At all relevant times, the Plaintiff performed his job duties in a satisfactory manner.

40. At all relevant times, the Plaintiff was qualified to perform his job duties.

41. Plaintiff's title was Food Service Equipment Manager.

42. Kartzman was the Plaintiff's supervisor.

43. Kartzman's title was Director of Supply Chain.

44. Kartzman is not of Hispanic national origin.

45. Amoscato was the Vice President for Shake Shack.

46. Amoscato was also the Plaintiff's supervisor.

47. Amoscato is not of Hispanic national origin.

48. Plaintiff told Kartzman about his medical conditions.

49. Plaintiff told Kartzman about his service in the armed forces.

50. Plaintiff told Amoscato about his medical conditions.

51. Plaintiff told Amoscato about his service in the armed forces.

52. Kartzman told the Plaintiff that he was weird because of the way he talked, demonstrating a discriminatory animus against the Plaintiff because of disabilities.

53. When Plaintiff told Kartzman that he talked that way because of his medical conditions, she told him that she would have never hired him had she known about them.

54. Accordingly, Kartzman clearly perceived the Plaintiff as disabled and she harbored a discriminatory animus against him based on that perception.

55. Kartzman also told the Plaintiff that she hated middle-aged white men, which is a class of persons the Plaintiff belongs to in terms of age and gender.

56. Amoscato and Kartzman often referred to the Plaintiff as being and sounding too aggressive, which was also a reference to the way he talked because of his medical conditions.

57. Accordingly, Amoscato also perceived the Plaintiff as disabled and he harbored a discriminatory animus against the Plaintiff because of that perception.

58. Defendants accused the Plaintiff of being too aggressive when he used the stapler.

59. In addition, there was a job referred to as Morningside Heights and there were many problems with the general contractor, causing delays, change orders, and back charges.

60. Plaintiff's job was to inspect the work being done relating to his duties and provide overall feedback about the installation.

61. The Director of Construction for Shake Shack, Louis DeAngelis, informed the Defendants and the Plaintiff that an employee of the general contractor allegedly accused the Plaintiff of being a "gorilla" and "pounding his chest" and "demanding respect" at the job site. These allegations were false, were discriminatory against the Plaintiff's national origin and prior military service and were made in furtherance of the unlawful stereotype that the Plaintiff's national origin and military service made him aggressive and unprofessional. Plaintiff, in fact, treated everyone professionally and respectfully.

62. Defendants endorsed this discriminatory stereotype of the Plaintiff by not investigating the blatantly discriminatory nature of the comments and then using that discrimination to terminate the Plaintiff, even though he was the victim of the unlawful, discriminatory stereotype.

63. In addition, the labeling by Amoscato and Kartzman of the Plaintiff as aggressive was also a reference to his Hispanic national origin, gender, and having been in the military.

64. On or about September 10, 2017, Plaintiff was at a Shake Shack in Livingston, New Jersey and reported that employees were smoking too closely to the restaurant among other problems the Plaintiff observed.

65. Plaintiff's reporting of the unlawful smoking was part of his job as a manager and was also a legally-protected activity under the Labor Law because smoking creates a specific and substantial danger to the public health and/or safety.

66. Plaintiff's reporting of the unlawful smoking was part of his job as a manager and was also a legally-protected activity under CEPA.

67. Moreover, due to his own respiratory conditions, the Plaintiff is particularly sensitive to smoking on behalf of himself and others who might be affected adversely.

68. Kartzman and Amoscato thereafter held a meeting with the Plaintiff and they criticized the physical way the Plaintiff talked, which was because of his medical conditions and was most likely also a reference to his national origin, gender, and prior membership in the military.

69. Amoscato told the Plaintiff that he hated the way the Plaintiff talked.

70. Moreover, in retaliation against the Plaintiff for having engaged in the legally-protected activity of objecting to the unlawful smoking, Defendants forced the Plaintiff to attend a Human Resources class on positive discipline, even though the Plaintiff's actions were proper and legally-protected.

71. Amoscato and Kartzman criticized the Plaintiff at other times and claimed he was too aggressive, which was a reference to the Plaintiff's national origin, gender, medical conditions, and prior membership in the military.

72. On or about October 2, 2017, Amoscato and Kartzman terminated the Plaintiff's employment.

73. Amoscato told the Plaintiff he could not get over the way the Plaintiff looked and talked, and Amoscato made a hand gesture mocking the Plaintiff's mannerisms, which were a direct reference to the Plaintiff's medical conditions, gender, national origin, and membership in the military.

7

74. Accordingly, the Defendants and their agents violated Title VII, the Executive Law, and the Administrative Code by harassing the Plaintiff, discriminating against him, and terminating his employment because of his gender and national origin.

75. Moreover, Defendants and their agents violated the ADA, Executive Law, and Administrative Code by harassing the Plaintiff, discriminating against him, and terminating his employment because of disability (real or as perceived by Defendants).

76. Defendants and their agents violated USERRA by harassing the Plaintiff, discriminating against him, and terminating his employment because of his prior membership in the military.

77. Defendants and their agents violated the Labor Law and CEPA by retaliating against the Plaintiff because he objected to unlawful and dangerous activity.

78. Based on the foregoing, the Plaintiff has sustained damages.

## FIRST CLAIM

## TITLE VII

### NATIONAL ORIGIN DISCRIMINATION AND TERMINATION AGAINST SHAKE SHACK

79. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

80. By and through their course of conduct as alleged above, Shake Shack and its agents willfully violated Title VII by discriminating against and terminating the Plaintiff because of his national origin.

81. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## SECOND CLAIM

## TITLE VII

## GENDER DISCRIMINATION AND TERMINATION AGAINST SHAKE SHACK

82. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

83. By and through their course of conduct as alleged above, Shake Shack and its agents willfully violated Title VII by discriminating against and terminating the Plaintiff because of his gender.

84. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## THIRD CLAIM

## ADA

## DISABILITY DISCRIMINATION AND TERMINATION AGAINST SHAKE SHACK

85. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

86. By and through their course of conduct as alleged above, Shake Shack and its agents willfully violated the ADA by discriminating against and terminating the Plaintiff because of his disability.

87. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## FOURTH CLAIM

## EXECUTIVE LAW

## DISCRIMINATION AND TERMINATION
## BASED UPON DISABILITY AGAINST SHAKE SHACK

88. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

89. By and through its course of conduct as alleged above, Shake Shack and its agents willfully violated the Executive Law by terminating the Plaintiff's employment because of his disability.

90. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## FIFTH CLAIM

## ADMINISTRATIVE CODE

### DISCRIMINATION AND TERMINATION
### BASED UPON DISABILITY AGAINST SHAKE SHACK

91. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

92. By and through its course of conduct as alleged above, Shake Shack and its agents willfully violated the Administrative Code by terminating the Plaintiff's employment because of his disability.

93. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## SIXTH CLAIM

## EXECUTIVE LAW

### AIDING AND ABETTING DISCRIMINATION
### BASED UPON DISABILITY AGAINST AMOSCATO

94. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

95. By and through his course of conduct as alleged above, Amoscato willfully violated the Executive Law by aiding and abetting the discrimination based on disability against the Plaintiff by Shake Shack.

96. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## SEVENTH CLAIM

## EXECUTIVE LAW

## AIDING AND ABETTING DISCRIMINATION BASED UPON DISABILITY AGAINST KARTZMAN

97. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

98. By and through her course of conduct as alleged above, Kartzman willfully violated the Executive Law by aiding and abetting the discrimination based on disability against the Plaintiff by Shake Shack.

99. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## EIGHTH CLAIM

## ADMINISTRATIVE CODE

## AIDING AND ABETTING DISCRIMINATION BASED UPON DISABILITY AGAINST AMOSCATO

100. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

101. By and through his course of conduct as alleged above, Amoscato willfully violated the Administrative Code by aiding and abetting the discrimination based on disability against the Plaintiff by Shake Shack.

102. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## NINTH CLAIM

### ADMINISTRATIVE CODE

### AIDING AND ABETTING DISCRIMINATION BASED UPON DISABILITY AGAINST KARTZMAN

103. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

104. By and through her course of conduct as alleged above, Kartzman willfully violated the Administrative Code by aiding and abetting the discrimination based on disability against the Plaintiff by Shake Shack.

105. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## TENTH CLAIM

### EXECUTIVE LAW

### DISCRIMINATION AND TERMINATION BASED UPON GENDER AGAINST SHAKE SHACK

106. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

107. By and through its course of conduct as alleged above, Shake Shack and its agents willfully violated the Executive Law by terminating the Plaintiff's employment because of his gender.

108. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## ELEVENTH CLAIM

## ADMINISTRATIVE CODE

## DISCRIMINATION AND TERMINATION
## BASED UPON GENDER AGAINST SHAKE SHACK

109. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

110. By and through its course of conduct as alleged above, Shake Shack and its agents willfully violated the Administrative Code by terminating the Plaintiff's employment because of his gender.

111. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## TWELFTH CLAIM

## EXECUTIVE LAW

## AIDING AND ABETTING DISCRIMINATION
## BASED UPON GENDER AGAINST KARTZMAN

112. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

113. By and through her course of conduct as alleged above, Kartzman willfully violated the Executive Law by aiding and abetting the discrimination based on gender against the Plaintiff by Shake Shack.

114. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## THIRTEENTH CLAIM

### ADMINISTRATIVE CODE

### AIDING AND ABETTING DISCRIMINATION BASED UPON GENDER AGAINST KARTZMAN

115. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

116. By and through her course of conduct as alleged above, Kartzman willfully violated the Administrative Code by aiding and abetting the discrimination based on gender against the Plaintiff by Shake Shack.

117. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## FOURTEENTH CLAIM

### EXECUTIVE LAW

### DISCRIMINATION AND TERMINATION BASED UPON NATIONAL ORIGIN AGAINST SHAKE SHACK

118. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

119. By and through its course of conduct as alleged above, Shake Shack and its agents willfully violated the Executive Law by terminating the Plaintiff's employment because of his national origin.

120. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## FIFTEENTH CLAIM

## ADMINISTRATIVE CODE

## DISCRIMINATION AND TERMINATION
## BASED UPON NATIONAL ORIGIN AGAINST SHAKE SHACK

121.  Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

122.  By and through its course of conduct as alleged above, Shake Shack and its agents willfully violated the Administrative Code by terminating the Plaintiff's employment because of his national origin.

123.  As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## SIXTEENTH CLAIM

## EXECUTIVE LAW

## AIDING AND ABETTING DISCRIMINATION
## BASED UPON NATIONAL ORIGIN AGAINST AMOSCATO

124.  Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

125.  By and through his course of conduct as alleged above, Amoscato willfully violated the Executive Law by aiding and abetting the discrimination based on national origin against the Plaintiff by Shake Shack.

126.  As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## SEVENTEENTH CLAIM

## EXECUTIVE LAW

### AIDING AND ABETTING DISCRIMINATION
### BASED UPON NATIONAL ORIGIN AGAINST KARTZMAN

127. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

128. By and through her course of conduct as alleged above, Kartzman willfully violated the Executive Law by aiding and abetting the discrimination based on national origin against the Plaintiff by Shake Shack.

129. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## EIGHTEENTH CLAIM

## ADMINISTRATIVE CODE

### AIDING AND ABETTING DISCRIMINATION
### BASED UPON NATIONAL ORIGIN AGAINST AMOSCATO

130. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

131. By and through his course of conduct as alleged above, Amoscato willfully violated the Administrative Code by aiding and abetting the discrimination based on national origin against the Plaintiff by Shake Shack.

132. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### NINETEENTH CLAIM

### ADMINISTRATIVE CODE

### AIDING AND ABETTING DISCRIMINATION
### BASED UPON NATIONAL ORIGIN AGAINST KARTZMAN

133.  Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

134.  By and through her course of conduct as alleged above, Kartzman willfully violated the Administrative Code by aiding and abetting the discrimination based on national origin against the Plaintiff by Shake Shack.

135.  As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### TWENTIETH CLAIM

### LABOR LAW: RETALIATION AGAINST SHAKE SHACK

136.  Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

137.  By and through their course of conduct as alleged above, Shake Shack and its agents willfully violated Labor Law Section 740(2)(c) and/or 740(2)(a) by retaliating against the Plaintiff by terminating his employment because he objected to the unlawful activity of smoking too closely to the customers at Shake Shack by employees of Shake Shack that created a substantial and specific danger to the public health and/or safety.

138.  As a consequence thereof, Defendant caused Plaintiff damages in amounts to be determined at trial.

## **TWENTY-FIRST CLAIM**

### **CEPA: RETALIATION AGAINST SHAKE SHACK**

139. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

140. By and through his course of conduct, Shake Shack and its agents unlawfully retaliated against the Plaintiff by forcing the Plaintiff to take a course on discipline and then by terminating his employment because he opposed the illegal conduct of smoking too closely to the customers by employees of the Defendant, in violation of CEPA.

141. As a result of the foregoing, Defendant caused Plaintiff damages.

## **TWENTY-SECOND CLAIM**

### **USERRA: DISCRIMINATION AND TERMINATION AGAINST ALL DEFENDANTS**

142. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

143. By and through their course of conduct as alleged above, the Defendants and their agents willfully violated USERRA, 38 U.S.C. §§ 4311(a) and (c) by discriminating against and terminating the Plaintiff's employment because of his prior performance of service in a uniformed service.

144. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff prays that this Court:

(a)   accepts jurisdiction over this matter;

(b)   impanels and charges a jury with respect to the claims for relief; and

(c)   awards the following damages against Defendants:

   i.   Back pay, front pay, and all benefits along with pre and post judgment interest, in amounts to be determined at trial;

   ii.   Punitive and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injuries and emotional and physical distress in order to compensate for the injuries suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments, in amounts to be determined at trial;

   iii.   Attorneys' fees, costs, and expenses as provided for by the applicable statutes;

   iv.   Reinstatement;

   v.   Any other relief which this Court deems just and equitable.

Dated: Hackensack, New Jersey
June 8, 2018

Respectfully submitted,

**HALSBAND LAW OFFICES**

By:   s/David S. Halsband
David S. Halsband, Esq.
Court Plaza South
21 Main Street, East Wing
Third Floor, Suite 304
Hackensack, New Jersey 07601
T. 201.487.6249
F. 201.487.3176
Attorneys for Plaintiff